**UNITED STATES of America,**
**Appellee,**

v.

**Rashee GRANT, Appellant.**

No. 06–3605.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) on April 16, 2009.

Filed Sept. 4, 2009.

Faithe M. Taylor, Office of United States Attorney, Philadelphia, PA, for Appellee.

Bruce Wolf, Philadelphia, PA, for Appellant.

Before: McKEE, SMITH, and VAN ANTERWERPEN Circuit Judges.

## OPINION OF THE COURT

McKEE, Circuit Judge.

Rashee Grant appeals the judgment of conviction and sentence that was imposed following his guilty plea. Grant's attorney has filed a motion to withdraw as counsel and has submitted a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Grant was given notice of his right to file a *pro se* brief, but did not respond. For the reasons that follow, we will affirm.

## I.

Because we write primarily for the parties, it is not necessary to recite the facts

tory forms of relief such as withholding of     removal under CAT. *See id.*

or history of this case except insofar as may be helpful to our brief discussion. Grant pled guilty to the following counts— (1) Racketeering in violation of 18 U.S.C. § 1962(c); (2) conspiracy to distribute a controlled substance within 100 feet of a school in violation of 21 U.S.C. § 860; and (3) distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1). The plea agreement included a waiver of Grant's right to appeal. On July 25, 2006, the district court sentenced Grant to 120 months imprisonment and upon release, twelve years of supervised release.

Counsel has filed a motion to withdraw and an *Anders* brief stating that he is unable to identify any non-frivolous issue for review. Third Circuit Local Appellate Rule 109.2(a) provides that "where, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, trial counsel may file a motion to withdraw and supporting brief." Upon submission of an *Anders* brief, our inquiry is "(1) whether counsel adequately fulfilled the rule's requirements, and (2) whether an independent review of the record presents any non-frivolous issues." *United States v. Youla,* 241 F.3d 296, 300 (3d Cir.2001).

## II.

In his *Anders* brief, counsel concludes that Grant's plea was entered pursuant to a cooperation agreement that included a knowing, intelligent, and voluntary waiver of the right to appeal. Grant was represented by counsel at all stages of the proceeding. Counsel identifies three potential issues for appeal, but concludes that all three are ultimately frivolous. The three issues are: (1) a claim that the court lacked jurisdiction to accept the plea; (2) a claim that the plea is invalid as judged by applicable constitutional or statutory standards; and (3) a claim that the sentence is illegal.

The district court clearly had jurisdiction pursuant to 18 U.S.C. § 3231, because Grant was charged with a federal crime, and any challenge to jurisdiction would clearly be frivolous. The same is true of an argument that the plea was somehow invalid because of an applicable constitutional or statutory standard. Guilty pleas are governed by standards set forth in *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and Federal Rule of Criminal Procedure 11. Under *Boykin,* and Rule 11, a guilty plea is invalid unless it is the result of a knowing and voluntary waiver of constitutional rights. *Id.* This record does not support any such argument. The trial court clearly complied with *Boykin* and conducted a thorough change of plea colloquy. There is nothing to suggest that any of Grant's responses during that colloquy were involuntary.

Finally, we find that a challenge to the legality of Grant's sentence would be frivolous. The 120 month sentence that the court imposed was below the mandatory minimum pursuant to 18 U.S.C. § 1962(c) and § 3553(e); and 21 U.S.C. §§ 841, and 860. Moreover, it is clear that the district court gave meaningful consideration of all of the applicable 18 U.S.C. 3553(a) factors. We therefore conclude that the district court's sentence is reasonable and a challenge to the legality of Grant's sentence would be frivolous.

## III.

For the above reasons, we will affirm the conviction and judgement of sentence. Defense counsel's motion to withdraw will be granted.